IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**CHARLES D. HELLOMS**                                                           **PLAINTIFF**
ADC #146908

v.                       No: 5:19-cv-00146 BRW-PSH

**IVORY T. McDANIEL,** *et al.*                                     **DEFENDANTS**

## <u>ORDER</u>

Before the Court is a motion to amend complaint (Doc. No. 16) filed by plaintiff Charles D. Helloms. Helloms seeks to amend his complaint to add defendants and new claims. The factual basis of Helloms' claims against each defendant is not clear. Accordingly, Helloms' motion is denied.

If Helloms seeks to amend his complaint to add new claims, he must file a motion with ***a complete copy*** of an amended complaint on a § 1983 form, and the factual basis for his claim against each defendant must be clear. An amended complaint will render his original complaint without legal effect, and only claims properly set out in the amended complaint will be allowed to proceed if his motion is granted. If Helloms proposes to add new claims, he should be aware that if the new allegations are separate and distinct from the claims asserted in the underlying lawsuit, the new allegations may not be joined in this lawsuit. *See* Fed. R. Civil P. 20. Additionally, Helloms is advised that adding new allegations based on events occurring after the lawsuit was filed is likely futile because he could not have exhausted his administrative remedies on these new claims before he filed the original lawsuit. The Eighth Circuit Court of Appeals has held that exhaustion must occur before a lawsuit is filed. *See generally Johnson v. Jones,* 340 F.3d 624, 628 (8th Cir. 2003). *See also Tyler v. Kelley*, No. 5:17CV00239-JLH-JTK, 2018 WL 1528784, at

*3 (E.D. Ark. Mar. 2, 2018); *Dunahue v. Bolden*, No. 5:16CV00105 BSM/JTR, 2016 WL 7650673, at *2 (E.D. Ark. Dec. 19, 2016).

IT IS SO ORDERED this 19th day of July, 2019.

_____
UNITED STATES MAGISTRATE JUDGE